**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| FRANCIS E. M'BOULE, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-06-884 |
| COUNTRYWIDE HOME LOANS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Francis E. M'Boule ("M'Boule") and Soninka A. Dupeyron ("Dupeyron") bring this action against Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing, LP (collectively, "Countrywide" or "Defendants"), alleging that Defendants violated the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 to 1692o (2006). Currently pending before the Court is Defendants' Motion to Dismiss the Complaint [6]. The Court has reviewed the entire record, as well as the Pleadings, with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will GRANT Defendants' Motion and dismiss this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs have filed this suit *pro se* and it is slightly difficult to discern the legal theory upon which they rely. This Court, however, will attempt to recite the relevant facts. On April 5, 2006, Defendants filed a Notice of Removal with this Court. The Complaint for this removed action alleges that Defendants have prevented M'Boule from accessing the monthly statements for his Countrywide mortgage accounts. Compl. ¶ 3. In addition, Plaintiffs assert that they "suspect hidden

fees and consumer fraud on their mortgage accounts."

In response to the Complaint, Defendants filed the instant Motion to Dismiss on April 11, 2006. Opposing the Motion to Dismiss, Plaintiffs have clarified that they seek relief under the Fair Debt Collection Practices Act.

## **STANDARD OF REVIEW**

A court should deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Therefore, a complaint may be dismissed as a matter of law if it lacks a cognizable legal

theory or if it alleges insufficient facts to support a cognizable legal theory.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## **ANALYSIS**

In their motion to dismiss, Defendants argue that this Court should dismiss Plaintiffs' FDCPA claims because Countrywide is not a "debt collector" within the meaning of the Act.  The FDCPA specifically provides that a "debt collector . . . does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  15 U.S.C. § 1692(a)(6)(A).  The Act, in turn, defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed."  15 U.S.C. §1692(a)(4).  The legislative history of Section 1692(a)(6) reflects that Congress did not intend for the Act to apply to the activities of mortgagees.  *See* S. Rep. No. 95-382, at 3-4, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698 ("[T]he committee does not intend the definition to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such as mortgages and student loans, by persons who originated such loans; mortgage service companies and others who service outstanding debts for others."); *accord Oldroyd v. Assocs. Consumer Discount Company/PA*, 863 F. Supp. 237, 241-42 (E.D. Pa. 1994) (holding that a mortgagee was not a debt collector for the purposes of the FDCPA).  As one court has observed, "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

Plaintiffs concede that M'Boule's mortgage was transferred to Countrywide.  Consequently,

Countrywide is one of M'Boule's creditors. In addition, all allegations contained in the Complaint are directed toward the conduct of Countrywide's representatives. Because Countrywide's principal business is not debt collection and because its representatives contacted Plaintiffs to collect its own debt, Countrywide is not a "debt collector" under the FDCPA. *See, e.g.*, *Barnhill v. Bank of America*, 378 F. Supp. 2d 696, 698 (D.S.C. 2005) (holding that lender that attempted to collect its own debt was not covered by the FDCPA). As a result, Defendants cannot be found liable under the FDCPA, and Plaintiffs' FDCPA claims must be dismissed.

Furthermore, Plaintiffs' claims that they suspect hidden fees are nothing more than bald allegations of wrongdoing. Conclusory legal statements alone cannot avert dismissal under Rule 12(b)(6). *See Labram v. Havel*, 43 F.3d 918 (4th Cir. 1995) (affirming dismissal of complaint where facts did not support cause of action).

Plaintiffs have not alleged alternate theories for recovery, and even after viewing the Complaint in the light most favorable to Plaintiffs, this Court must dismiss the Complaint because it fails to state a cognizable legal theory.

## **CONCLUSION**

For all of the aforementioned reasons, the Court will GRANT Defendants' Motion to Dismiss [6]. An Order consistent with this Opinion will follow.

Date:  May 16, 2006                                          /s/
                                                             Alexander Williams, Jr.
                                                             United States District Court